**In re Jeff Dean MILLER, Debtor.**

**James S. Cole, Chapter 7 Trustee, Plaintiff,**

**v.**

**Richard Miller, Defendant.**

**Bankruptcy No. 04–47572–659.**

**Adversary No. 04–4247–659.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Feb. 10, 2005.

---

Frank R. Ledbetter, St. Louis, MO, for Defendant and Debtor.

James S. Cole, St. Louis, MO, Chapter 7 Trustee/Plaintiff.

Mindy D. Smith, St. Louis, MO, David G. Wasinger, Saint Louis, MO, for Plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATHY ANN SURRATT–STATES, Bankruptcy Judge.

The matters before the Court are Trustee's Motion for Summary Judgment (the

"Motion for Summary Judgment") and Memorandum in Support of Trustee's Motion for Summary Judgment. Defendant filed an Answer to Plaintiff's Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtor Jeff Dean Miller ("Debtor") filed for relief under Chapter 7 of the United States Bankruptcy Code on June 10, 2004. James S. Cole is the duly appointed Chapter 7 Trustee (hereinafter "Trustee"). On August 2, 2000, Defendant Richard Miller ("Defendant") and Debtor entered into an oral contract involving a loan of $35,000.00 (the "Loan") by Defendant to Debtor in exchange for a security interest in a 1994 Kodiak Dump Truck (the "Vehicle"). Debtor used the loan to Purchase the Vehicle. There was no written agreement executed setting forth the respective rights of Defendant in the Vehicle. There was no written agreement executed memorializing Defendant's oral agreement with Debtor. There was no written agreement executed granting Defendant a security interest in the Vehicle. There was no written agreement setting forth the repayment terms of the Loan balance. Debtor is currently the owner in possession of the Vehicle.

Defendant failed to file a Notice of Lien on the Vehicle with the Missouri Department of Revenue after entering into an oral contract with Debtor. Debtor filed an Application for Missouri Title and License with the State of Missouri (the "Title Application") on May 24, 2004, which listed a first lien on the Vehicle in Defendant's name. The Title Application was filed by Debtor approximately three (3) years and nine (9) months after the purchase of the Vehicle and oral contract purporting to grant a security interest to Defendant.

Based on the foregoing facts, Trustee makes the following averments. First, Defendant failed to obtain a valid security interest in the Vehicle because no written security agreement was executed to create a security interest. Second, Defendant holds no lien to perfect under Missouri law. Next, Defendant's claim to a security interest in the Vehicle is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544(b). Last, Trustee is entitled to turn over of the Certificate of Title to the Vehicle, free and clear of any lien, pursuant to 11 U.S.C. § 542(a).

Defendant avers that although there is no dispute with the factual allegations referenced by Trustee, Defendant holds a perfected lien to the Vehicle pursuant to Mo. REV. STAT. §§ 301.600(2) and 301.620. Consequently, Defendant's lien is properly perfected and as such, should not be avoided by Trustee. Defendant therefore avers that Trustee's Motion for Summary Judgment should not be granted. The Court addresses these issues below.

### CONCLUSIONS OF LAW

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2004), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (E) (2004). Venue is proper under 28 U.S.C. § 1409(a) (2004).

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D.Mo.1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may...move with or without supporting affidavits for a summary judgment in the party's favor..." FED. R. BANKR. P. 7056(a) (2004).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2004). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212–13 (1986). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir.1992).

"Summary judgment will be granted whenever the moving party establishes all the elements necessary to prevail unless the non-moving party presents a genuine fact in dispute." *In re Gardner*, 220 B.R. at 64. "An issue of genuine fact exists and summary judgment must be denied if the court determines that there may be sufficient evidence presented at trial to allow a verdict in favor of the non-moving party." *Id.* at 65.

Here, Trustee met the burden of proof as required under FED. R. BANKR. P. 7056(c) by filing a Motion for Summary Judgment and Memorandum in Support. Trustee also filed an Affidavit in Support of Motion for Summary Judgment. Defendant filed an Answer to the Motion for Summary Judgment but failed to raise any issues of material fact.

The remaining issue to be determined by the Court is whether the evidence, when presented in a light most favorable to Defendant, entitles Trustee to judgment as a matter of law. "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title..." 11 U.S.C. § 544(b)(2) (2004).

Trustee avers that Defendant's claim to a security interest in the Vehicle is subject to avoidance by Trustee pursuant to 11 U.S.C. § 544(b)(2) since (1) Defendant never obtained a valid security interest in the Vehicle since no written security agreement was executed; and (2) Defendant holds no perfected lien to the Vehicle under Mo. REV. STAT. § 400.9–203(1). Therefore, the key issue is whether Defendant holds a security interest in the Vehicle such that said security interest is not avoidable by Trustee pursuant to § 544(b).

The issue of whether a security interest is valid is determined by state law. Consequently, an inquiry into Missouri law governing U.C.C. Article 9 security interests is appropriate. However, the inquiry must be made pursuant to the relevant law in effect at the time the original transaction was made. Therefore, the legal determination of the whether or not a security interest is present is governed under Missouri law in effect on August 2, 2000, the time the original transaction was made.

U.C.C. Article 9, governed by Mo. REV. STAT. §§ 400.9–101 to 400.9–507, "applies to any transaction (regardless of its form) which is intended to create a

security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel papers, or accounts..." Mo. REV. STAT. § 101(a) (2000). A "security interest [is] an interest in personal property...which secures payment or performance of an obligation." Mo. REV. STAT. § 400.1–201(37) (2000). "Secured transactions in motor vehicles are governed by the same principles as govern secured transactions in other types of collateral insofar as the creation and effect of a secured transaction therein is concerned." *Bradley v. K & E Investments, Inc.*, 847 S.W.2d 915, 921 (Mo.Ct. App.1993) (citing 8 *Anderson* on the *Uniform Commercial Code* § 9–203:8 at 664 (3d ed.1985)). Thus, U.C.C. Article 9 governs any claim to a security interest in the Vehicle.

Pursuant to Mo. REV. STAT. § 400.9–203(1) [1] in effect on August 2, 2000,

...a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:

(a) the collateral is in the possession of the secured party pursuant to agreement, the collateral is investment property and the secured party has control pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral...;

(b) value has been given; and

(c) the debtor has rights in the collateral.

In *Shelton v. Erwin*, 472 F.2d 1118, 1119–20 (8th Cir.1973), the Court found a bill of sale and title application were not sufficient to create a security interest in an automobile under the requirements of the Uniform Commercial Code. The Court reasoned that "some language in the agreement actually conveying a security interest" is required to create a valid security interest. *Id.* Furthermore, a mere "notation on the title application that lien in [creditor's] favor existed is not sufficient." *Id.*

■■ Here, Debtor and Defendant engaged in an oral contract to consummate their transaction. Consequently, there was no written agreement signed setting for Defendant's rights in the Vehicle nor an agreement between Defendant and Debtor granting Defendant a security interest in the Vehicle. Debtor owns and is in current possession of the Vehicle. Defendant therefore holds no enforceable security interest in the Vehicle. Trustee holds an interest in the Vehicle superior to that of Defendant pursuant to § 544(b)(2) since Defendant's claim, if any, is unsecured. Consequently, Trustee may avoid Defendant's unsecured claim to the Vehicle.

■■ The next issue involves whether Defendant holds a perfected lien in the Vehicle. Defendant avers that he holds a perfected lien to the Vehicle pursuant to

---

**1.** Missouri adopted revised Article 9, which became effective on July 1, 2001. The amended § 400.9–203 provides as follows:

(a) A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.

(b) Except as otherwise provided in subsections (c) through (i), a security interest is enforceable against the debtor and third parties with respect to the collateral only if:

(1) Value has been given;

(2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and

(3) One of the following conditions is met:

(A) The debtor has authenticated a security agreement that provides a description of the collateral...

Mo. Rev. Stat. §§ 301.600(2) and 301.620(1). "[I]f an owner creates a lien or encumbrance on a motor vehicle...the owner shall immediately execute the application...to name the lienholder on the certificate, showing the name and address of the lienholder and the date of the lienholder's security interest." Mo. Rev. Stat. § 301.620(1) (2000). "The lienholder...shall deliver to the director of revenue a notice of lien...as provided in section 301.600." Mo. Rev. Stat. § 301.620(2) (2000). "[A]lien...on a motor vehicle...is perfected by the delivery to the director of revenue of a notice of a lien... The notice of lien is perfected as of the time of its creation if the delivery of such notice to the director of revenue is completed within thirty days thereafter, otherwise at the time of delivery." Mo. Rev. Stat. § 301.600(2) (2000).

Here, Debtor filed an Application for Missouri Title and License with the Department of Revenue of the State of Missouri ("Department of Revenue") on May 24, 2004, approximately three years and nine months after the oral contract was formed. Furthermore, Defendant failed to file a Notice of Lien with the Department of Revenue after entering into the oral contract on August 2, 2000. Defendant also failed to file a Notice of Lien with the Department of Revenue prior to Debtor's bankruptcy filing under Chapter 7. Defendant therefore failed to perfect his lien in the Vehicle prior to Debtor's bankruptcy filing and holds no lien on the Vehicle as contemplated by Mo. Rev. Stat. §§ 301.620(1) and 301.600(2).

█ The remaining issue concerns whether Trustee is entitled to compel turnover of the Certificate of Title to the Vehicle pursuant to 11 U.S.C. § 542(a). "[A]n entity...in possession, custody, or control...of property that the trustee may use, sell, or lease...shall deliver to the trustee, and account for, such property or the value of such property..." 11 U.S.C. § 542(a) (2004). Here, Defendant holds no secured interest in the Vehicle under Missouri law. Trustee holds a superior interest in the Vehicle since Defendant holds no secured lien. Therefore, Trustee is entitled to immediate turnover of the Certificate of Title to the Vehicle under § 542(a). Therefore, Trustee is entitled to summary judgment as a matter of law. By separate order, Plaintiff's Motion for Summary Judgment will be granted.

### ORDER

Upon Consideration of the record as a whole, and consistent with the Findings of Fact and Conclusions of Law entered separately in this matter,

**IT IS ORDERED THAT** Trustee's Motion for Summary Judgment is hereby GRANTED; and

The judgment on the First Amended Complaint is entered in favor of James S. Cole, Chapter 7 Trustee, Plaintiff, and against Richard Miller, Defendant; and Defendant shall turn over the Certificate of Title of the 1999 Kodiak Dump Truck to the Trustee within ten (10) days from the date of this Order, together with a release of lien on the form prescribed by the Missouri Department of Revenue; and this is the final judgment and order of the Bankruptcy Court in this case.